# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

VERNELL HARRIS, *payee for Luerenzy Harris*,

       Plaintiff,

v.

CENTRAL STATES SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE AND PENSION FUND,

       Defendant.

Case No. 18-CV-1411-JPS

**ORDER**

  Plaintiff Vernell Harris, proceeding *pro se*, filed a complaint in this matter and a motion for leave to proceed *in forma pauperis*. (Docket #1, #2). In order to allow a plaintiff to proceed without paying the $400 filing fee, the Court must first decide whether the plaintiff has the ability to pay the filing fee and, if not, whether the lawsuit states a claim for relief. 28 U.S.C. §§ 1915(a), (e)(2)(B).

  In this case, the Court need not consider Plaintiff's financial means or her ability to pay the filing fee. Notwithstanding the payment of any filing fee, when a plaintiff requests leave to proceed *in forma pauperis*, the Court must screen the complaint and dismiss it or any portion thereof if it has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous

where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary to plead specific facts; rather, the plaintiff's statement need only "give the defendant fair notice of what the. . .claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

Plaintiff's complaint falls short of even this low bar. She purports to bring an action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, to recover pension benefits owed to her mother, Luerenzy Harris, for whom she was appointed a guardian by the State of Wisconsin. (Docket #1-1 at 8). Her father, Lofton Harris, was an employee at Silver Steel Co. in Racine, Wisconsin. *See id.* at 2–3, 5. In 1981, Luerenzy and Lofton divorced. *Id.* Plaintiff believes that, pursuant to the judgment in the divorce action, which referenced a stipulation between

the parties, her mother was to be paid the residual benefits from her father's pension at the company upon Lofton's death. *Id.* Plaintiff in turn appears to contend that, as her mother's guardian or "payee," as she identifies herself, the pension payments should go directly to her. *Id.* at 3. After her father's death in 1999, no such payments were received and Plaintiff's request for benefits was denied by Defendant Central States Southeast and Southwest Areas Health and Welfare and Pension Funds (the "Fund"). *See id.* at 2–3, 7.

Plaintiff therefore instituted an appeal to the Trustee Appellate Review Committee of the Fund (the "Committee"). *Id.* The Committee held a meeting on November 9, 2011 in which Plaintiff and her pastor participated. *Id.* at 5. At the conclusion of the meeting, the Committee denied Plaintiff's request for benefits, reasoning that the judgment in the divorce action—of which Plaintiff only provided a partial copy—did not provide Luerenzy with an entitlement to any of Lofton's pension benefits. *Id.*

For seven years, that was the end of the matter— or so it appeared. Then, on May 22, 2018, Plaintiff wrote to the Fund and complained that its denial of benefits infringed upon her civil rights and violated ERISA. *Id.* at 2–3. The Fund responded on April 6, 2018, writing that Plaintiff's benefits denial appeal was resolved in 2011 and that no further proceedings could be had within the Fund's internal appellate process. *Id.* at 4. Plaintiff, undeterred, penned another angry letter to the Fund in August 2018, threatening to sue if benefits were not paid. *Id.* at 1. Plaintiff does not report whether the Fund responded to this letter, but it is clear she did not receive the payments she demanded, as she instituted this action on September 10, 2018. (Docket #1). In the complaint, she asks the Court to reverse the

decision of the Committee and order that she be paid the benefits she seeks, plus interest. *Id.* at 2–3.[1]

The problems with Plaintiff's complaint are numerous— indeed fatal. First, there is no recognized standing to sue in a party who claims to be a "payee" of another person, as Plaintiff has done here. Bringing a claim on her mother's behalf in her capacity as guardian might be permissible, but in that instance the recovery would go to her mother, not Plaintiff directly. *See* Fed. R. Civ. P. 17(a)(1). There is nothing in the complaint or the record plausibly suggesting that the putative ERISA claim may be brought by Plaintiff in her own right. Indeed, by her own admission it was Luerenzy, not Plaintiff, who was a designated beneficiary of Lofton's pension pursuant to the divorce agreement, which deprives Plaintiff of standing to bring an ERISA claim. *See* 29 U.S.C. § 1002(8) (a beneficiary of a plan may be designated by a participant or by the terms of the plan itself); *Kelly v. Blue Cross & Blue Shield of R.I.*, 814 F. Supp. 220, 229 (D.R.I. 1993) (only participants or beneficiaries may sue to recover benefits).

Second, public records indicate that Luerenzy Harris died on December 14, 2009. Plaintiff did not reveal this fact to the Court in her complaint or exhibits, and it is not at all clear whether she ever conveyed this information to the Fund. In any event, it means that Plaintiff is no longer Luerenzy's guardian, and any potential claim for Lofton's pension benefits belongs to Luerenzy's estate. *See Khan v. Grotnes Metalforming Sys., Inc.*, 679 F. Supp. 751, 756–57 (N.D. Ill. 1988). Plaintiff may believe, in some

---

[1]Plaintiff alleges that her claim arises under state law, not federal law. (Docket #1 at 4). She is incorrect—ERISA has a broad purview, and it preempts all state law on the matter of employee benefit plans. *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1136 (7th Cir. 1992). The Court is not bound by Plaintiff's mistake as to the nature of her claim.

colloquial sense, that the claim for benefits has passed to her, but this is not necessarily true from a legal perspective. To bring the instant claim in a representative capacity, Plaintiff would first need to be appointed the personal representative of her mother's estate. *See James v. La. Laborers Health & Welfare Fund*, 766 F. Supp. 530, 533–34 (E.D. La. 1991) (administrator of decedent's estate had derivative standing to bring decedent's ERISA claim). Any recovery would then go to the estate, for the benefit of Luerenzy's creditors and heirs, one of whom might be Plaintiff. Again, Plaintiff does not enjoy an automatic right to recover pension benefits allegedly owed to her mother simply because of their familial relationship.

Third, even if brought by the proper party, the instant claim is barred by the statute of limitations. ERISA does not have its own statute of limitations for suits to recover benefits. *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 873 (7th Cir. 1997); 29 U.S.C. § 1132(a). Instead, courts apply the most analogous state statute of limitations. *Berger v. AXA Network LLC*, 459 F.3d 804, 808 (7th Cir. 2006). To determine the applicable limitations period, the Court must "'characterize the essence' of the federal claim in question and find the most analogous [state] cause of action." *Teumer v. General Motors Corp.*, 34 F.3d 542, 546–47 (7th Cir. 1994).

Here, the most analogous state cause of action is breach of contract, as Lofton's right to pension benefits was established by contract with his employer and Luerenzy's purported right to Lofton's remaining benefits after his death was established by their contract during the divorce proceedings. In Wisconsin, contract actions must be brought within six years of the date they accrue. Wis. Stat. § 893.43(1). Federal law determines the date of accrual. *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1138 (7th Cir.

1992). ERISA claims accrue once the plaintiff knows or should know that the defendant's conduct interfered with his ERISA rights. *Young*, 615 F.3d at 817. Applying that rule, the latest possible accrual date for Plaintiff's claim would be November 9, 2011, when her benefits denial appeal was rejected by the Fund. *Tolle*, 977 F.2d at 1139; *Daill v. Sheet Metal Workers' Local 73 Pension Fund*, 100 F.3d 62, 65 (7th Cir. 1996). That makes the instant action nearly a year late. Plaintiff does not acknowledge, much less explain, her massive tardiness, and it cannot be overlooked when she was afforded a generous six-year period in which to sue.[2]

Normally, a limitations issue must be pleaded and proven by the defendant. *See United States v. Northern Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004). However, dismissal on limitations grounds is appropriate where a plaintiff pleads herself out of court by establishing the defense. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005); *U.S. Gypsum Co. v. Ind. Gas Co., Inc.*, 350 F.3d 623, 626 (7th Cir. 2003). In light of the complaint's allegations and the incontrovertible information contained in the attached exhibits,

---

[2]Equitable tolling is a doctrine that permits a plaintiff to avoid the limitations bar if, despite the exercise of due diligence, she is unable to learn of or file her claim. *See Shropshear v. Corp. Counsel of City of Chi.*, 275 F.3d 593, 595 (7th Cir. 2001). Although claim accrual is determined by reference to federal law, tolling and other questions affecting the length of the statute of limitations itself are controlled by state law. *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001). Wisconsin case law on equitable tolling is sparse, but it is clear that, as in *Shropshear*, tolling is available only when the plaintiff's failure to meet a filing deadline is out of her control or occurred despite her due diligence. *See State ex rel. Griffin v. Smith*, 677 N.W.2d 259, 269 (Wis. 2004); *Bey v. Hamblin*, 17-cv-784-jdp, 2018 WL 3075834, at *2 (W.D. Wis. June 21, 2018); *Winston v. Pamela H.*, No. 16-cv-610-jdp, 2016 WL 6808181, at *2 (W.D. Wis. Nov. 17, 2016). No such allegation could be maintained here. Plaintiff had six years to file a civil action seeking redress from the Committee's denial of benefits. She knew of the contours of her claim, if not all the supporting evidence or legal grounds therefor, as of the date of the November 9, 2011 appeal meeting. It would be nothing short of incredible if circumstances outside her control accounted for Plaintiff's years of delay.

*Otis v. Demarasse*, 886 F.3d 639, 647 (7th Cir. 2018); *Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009), the Court need not entertain further proceedings to conclude that Plaintiff's action is irretrievably barred by the statute of limitations.

For the reasons stated above, the Court finds that the complaint must be dismissed pursuant to 28 U.S.C. § 1915.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 20th day of September, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge