# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| VERNELL HARRIS,<br><br>                       Plaintiff,<br><br>v.<br><br>CENTRAL STATES SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE AND PENSION FUND,<br><br>                       Defendant. | Case No. 18-CV-1411-JPS<br><br>**ORDER** |

       Plaintiff in the above-captioned case filed a complaint alleging that her rights under the Employee Retirement Income Security Act of 1974 ("ERISA") were violated. (Docket #1). On September 20, 2018, the Court screened Plaintiff's complaint and dismissed the action because she had failed to state any viable claims for relief. (Docket #3). On October 2, 2018, Plaintiff filed a notice of appeal of that ruling and a motion to proceed on her appeal *in forma pauperis*. (Docket #6, #7). The Court denied the motion to proceed *in forma pauperis* because it determined that the appeal was not taken "in good faith" as required by 28 U.S.C. § 1915(a)(3). (Docket #11). The Court concluded that the appeal was frivolous, and no reasonable person could suppose that it had merit. *Id*. at 2. As explained in that order, the statute of limitations had elapsed, and Plaintiff failed to explain how her civil rights were violated. *Id.* The Court provided Plaintiff with a series of next steps for her to take at the Seventh Circuit, if she chose to request review. *Id.* at 2–3. On October 25, 2018, Plaintiff filed a motion for reconsideration. (Docket #12).

A party may file a motion to alter or amend judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "[T]he only grounds for a Rule 59(e) motion. . .are newly discovered evidence, an intervening change in the controlling law, and manifest error of law." *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). A party may file a motion for relief from a judgment or order under certain circumstances that include "mistake, inadvertence, surprise, or excusable neglect," or "any other reason that justifies relief." Fed R. Civ. P. 60(b)(1),(6).

Plaintiff points to no change in law or manifest error in law that warrants an alteration or amendment of judgment under Rule 59(e). After examining Plaintiff's motion, the Court does not find any basis to provide relief under Rule 60(b). Plaintiff seeks back payment of pension benefits that her mother was entitled to, but did not collect, after her father's death in 2011. (Docket #12 at 2). However, Plaintiff fails to explain why the statute of limitations does not apply, why she (rather than her mother's estate) is entitled to payment, or how her individual rights were violated under ERISA.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Docket #12) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 16th day of July, 2019.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge